# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF GEORGIA
# MACON DIVISION

**CORRINE JACOX,**

    Plaintiff,

v.                                      Civil Action No. 5:06-cv-182 (HL)

**THE DEPARTMENT OF DEFENSE, et al.,**

    Defendants.

## ORDER

The parties have filed a Joint Motion for Direction Regarding Conduct of Discovery (doc. 20). After consideration of the issues presented in the Motion, the Court enters the following order.

Corrine Jacox, proceeding pro se, filed a complaint in this Court on May 30, 2006. The parties are presently engaged in discovery on the case. Depositions are scheduled for January 16, 2007. Mrs. Jacox's husband, Willie Jacox, has expressed to counsel for Defendants his intention to be present at the depositions, to question Plaintiff in her deposition, and to conduct the depositions of the Defendants. Mr. Jacox is not a lawyer. However, Mr. Jacox has indicated that he has a power of attorney to act on behalf of Mrs. Jacox. Counsel for Defendants do not object to Mr. Jacox's presence at the depositions but do object to his participation in the proceedings. The parties have asked the Court for guidance on this matter.

The United States Code permits persons to represent themselves in the courts of the United States. Specifically 28 U.S.C. § 1654 provides as follows: "In all courts of the United States the parties may plead and conduct their own cases *personally* or by counsel as, by the rules of such courts, respectively, are permitted to manage and conduct causes therein." 28 U.S.C.A. § 1654 (West 2006) (emphasis added). By its own terms § 1654 requires those persons who seek to represent themselves in federal courts to do so "personally," thereby foreclosing on the possibility that such representation could occur by proxy.

Other courts considering similar issues have concluded that nonlawyers may not represent parties in the federal courts, even when authorized by an agreement or a power of attorney. In DePonceau v. Pataki, 315 F. Supp. 2d 338, 341 (W.D.N.Y. 2004), the United States District Court for the Western District of New York held that the authority conferred on another by a power of attorney could not be used to circumscribe state laws that prohibit the practice of law by anyone other than a licensed attorney. In Lutz v. Lavelle, 809 F. Supp. 323, 325 (M.D. Pa. 1991), the United States District Court for the Middle District of Pennsylvania refused to allow Lutz, a nonlawyer, to represent the interests of a friend, even though the two had entered into a contract for Lutz to represent the friend's legal interests. The court noted in Lutz the "well established principle that while a layman may represent himself with respect to his individual claims, he is not entitled to act as an attorney for others in federal court." Id. *See also* Lindstrom v. Illinois, 632 F. Supp. 1535, 1537 (N.D. Ill. 1986) (holding that nonlawyer could not represent his spouse or his church in federal lawsuit).

Georgia law makes it unlawful for any person other than a licensed attorney to "render legal services of any kind in actions or proceedings of any nature." O.C.G.A. § 15-19-51(a)(6) (LexisNexis 2005).  The existence of a power of attorney does not authorize a nonlawyer to undertake to conduct legal proceedings on behalf of a pro se litigant where the law otherwise requires that such proceedings be conducted by a licensed attorney.  Furthermore, the taking of a deposition would constitute the rendering of legal services as contemplated by § 15-19-51(a)(6) and, therefore, could only be undertaken by a lawyer or an individual proceeding pro se, and could not be undertaken by a nonlawyer operating under a power of attorney.

Consistent with the foregoing, therefore, the Court finds that 28 U.S.C. § 1654 requires pro se litigants to conduct their own cases personally and does not authorize nonlawyers to conduct cases on behalf of individuals.  Moreover, a power of attorney may not be used to circumvent state law prohibitions on the unauthorized practice of law.  Accordingly, Mr. Jacox may not undertake to represent Mrs. Jacox in this matter.  More specifically, as pertains to the Motion before the Court, Mr. Jacox may not question the Plaintiff during her deposition, may not conduct the depositions of the Defendants, and may not interpose objections.

**SO ORDERED**, this the 10th day of January, 2007.


                                                              s/   Hugh Lawson
                                                              **HUGH LAWSON, JUDGE**

mls