# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF GEORGIA
# MACON DIVISION

| | |
|---|---|
| **CORRINE JACOX,** | : |
| Plaintiff, | : |
| v. | : Civil Action No. 5:06-cv-182 (HL) |
| **THE DEPARTMENT OF DEFENSE, et al.,** | : |
| Defendants. | : |

# ORDER

Before the Court is a Motion to Compel (Doc. 16) filed by Plaintiff Corrine Jacox ("Jacox") and a Motion to Dismiss (Doc. 18) filed by Defendants. For the reasons set forth below, Jacox's Motion is denied, and Defendants' Motion is granted.

**I.    BACKGROUND**

Jacox is a federal employee who, at the time she filed her pro se Complaint, worked for the Defense Logistics Agency (DLA), a part of the Department of Defense (DoD), at the Defense Distribution Depot, Warner Robbins, Georgia (DDWG). Specifically, Jacox filed an employment discrimination action that claimed Defendants had violated her constitutional rights, as well as Title VII, 42 U.S.C. § 1983, and various other laws.[1]

---

[1] If the Court's assessment of Jacox's claims is vague, that is a reflection of the nebulous nature of Jacox's own Complaint. Regardless, in light of the Court's ruling in this order that only Jacox's Title VII claims may properly proceed, it is clear that whatever other claims Jacox may wish to raise must be dismissed.

1

## II. MOTION TO COMPEL

As an initial matter, the Court notes that soon after filing her Complaint, Jacox filed a Motion (Doc. 16) asking the Court to (1) compel Defendants to answer her requests for admission "fully and completely," (2) sanction Defendants, and (3) compel Defendants to participate in settlement discussions. As Defendants rightfully point out, the first component of Jacox's Motion faces a couple of stumbling blocks. The first hurdle is that although Federal Rule of Civil Procedure 37 allows a motion for compulsion of discovery, it requires that "[t]he motion must include a certification that the movant has in good faith conferred or attempted to confer with the person or party failing to make the discovery in an effort to secure the information or material without court action." Fed. R. Civ. P. 37(a)(2)(B). Jacox included no such certification, and Defendants have informed the Court that no such good faith efforts were made. This mistake alone might have proven fatal to Jacox's Motion. However, even if the Court were willing to overlook this mistake due to Jacox's status as a pro se litigant, it would still be forced to conclude that the Motion to Compel is without merit.

This inevitable result is due to the second obstacle—Jacox failed to explain which of Defendants' responses are inadequate or why any of them should be considered improper. Nor is any potential support for Jacox's Motion evident on the face of Defendants' responses, which appear to have been undertaken in good faith and answered at length. This is certainly not a situation where Defendants simply refused to answer requests for admission. Jacox simply stated, in the most vague and general terms, that she is dissatisfied with the responses

2

she received. Just because Jacox was unhappy with Defendants' responses does not make them actionable. The Court denies Jacox's Motion to Compel Defendants to answer her requests for admission "fully and completely."

As a result of this ruling, the component of Jacox's Motion that requests the Court sanction Defendants for their conduct is obviously moot. In light of Jacox's pro se status, the Court declines to require Jacox herself to pay Defendants the fees they incurred opposing her Motion. Finally, the Court refuses Jacox's invitation to compel Defendants to participate in settlement discussions. If Defendants wish to settle Jacox's case, they know how to do so, and it is their own decision whether or not to do so. For the reasons set forth above, Jacox's Motion to Compel is denied.

### III. MOTION TO DISMISS

    **A. Standards**

        **1. Motions to Dismiss**

A motion to dismiss a plaintiff's complaint, or a portion thereof, under Federal Rule of Civil Procedure 12(b)(6), should not be granted "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Conley v. Gibson, 355 U.S. 41, 45-46 (1957). Furthermore, "[a]t the motion to dismiss stage, all well-pleaded facts are accepted as true, and the reasonable inferences therefrom are construed in the light most favorable to the plaintiff." Bryant v. Avado Brands, Inc., 187 F.3d 1271, 1274 n.1 (11th Cir. 1999). Finally, the "threshold of sufficiency that a complaint must meet to survive a motion to dismiss for failure to state a claim is . . .

exceedingly low." Ancata v. Prison Health Servs. Inc., 769 F.2d 700, 703 (11th Cir. 1985) (quotation and citation omitted).

### 2. Section 1983

Section 1983 is designed to address deprivations of rights that are accomplished under the color of the law of "any State or Territory." 42 U.S.C. § 1983 (2003). Therefore, in order to maintain a claim under § 1983, a plaintiff must establish both a violation of a right secured by the Constitution or laws of the United States and that the defendant who committed said deprivation was acting under color of state law. In light of these requirements, the Supreme Court of the United States has declared that the "actions of the Federal Government and its officers are at least facially exempt from [§ 1983's] proscriptions." Dist. of Columbia v. Carter, 409 U.S. 418, 424-25 (1973).

### 3. Title VII

Title VII prohibits discrimination with respect to an employee's compensation, terms, conditions, or privileges of employment. 42 U.S.C. § 2000e-2(a) (2003). The Supreme Court has held that Title VII is the "exclusive, pre-emptive administrative and judicial scheme for the redress of federal employment discrimination." Brown v. Gen. Servs. Admin., 425 U.S. 820, 829 (1976). Since this decision, various federal courts have held that Title VII's preemptive effect will not allow state law employment discrimination claims to stand. See, e.g., Mathis v. Henderson, 243 F.3d 446, 450-51 (8th Cir. 2001); Pfau v. Reed, 125 F.3d 927, 932-33 (5th Cir. 1997) ("[w]hen the same set of facts supports a Title VII claim and a non-Title VII claim against a federal employer, Title VII preempts the non-Title

VII claim"), *vacated and remanded on other grounds*, 525 U.S. 801 (1998), *pertinent holding reinstated*, 167 F.3d 228, 229 (5th Cir. 1999); Mathirampuzha v. Potter, 371 F. Supp. 2d 159, 162 n.1 (D. Conn. 2005) (collecting federal cases where courts have held that Title VII preempts state law employment discrimination claims brought by federal employees). Although the Eleventh Circuit has not addressed the issue of Title VII's preemptive reach over state law claims, this Court has adopted the conclusion of the Fifth and Eighth Circuits. See Combs v. Potter, No. 7:05-cv-68 (HL), 2006 WL 1344855, at *3 (M.D. Ga. May 15, 2006).

Furthermore, pursuant to 42 U.S.C. 2000e-16(c), a plaintiff who brings a civil action under Title VII may only properly sue the head of the department, agency or unit. 42 U.S.C. 2000e-16(c) (2003). The Eleventh Circuit has confirmed that in a Title VII action, the only appropriate defendant is the head of the agency in his official capacity. Canino v. United States E.E.O.C., 707 F.2d 468, 472 (1983).

**B.   Application**

    **1.   Section 1983**

Jacox's Complaint is devoid of any allegations that Defendants, all of whom are either federal entities or employees, acted under color of any state law. As a result, even assuming that Jacox could establish she had suffered a violation of a right secured by the Constitution or laws of the United States, her § 1983 claims still would have to be dismissed.

Jacox has offered no coherent argument to the contrary.[2] Therefore, all of Jacox's allegations raising claims under § 1983 are dismissed.

### 2. Title VII

Jacox's rambling Complaint is certainly not the model of clarity. However, it is still clear that some of her claims of employment discrimination, such as for discrimination, non-selection, and retaliation, can be properly brought under Title VII. Other claims, though, are inappropriate under Title VII. These include usury, "violation of policy and law," "unethical practices," "misuse of power and authority," and loss of consortium. Therefore, to the extent that Jacox is attempting to raise her employment discrimination allegations as constitutional claims other than pursuant to § 1983, and to the extent she is trying to bring state law employment discrimination claims, such claims are dismissed.

Jacox's Complaint lists seven Defendants: (1) the DoD; (2) Donald H. Rumsfeld ("Rumsfeld"), the Secretary of Defense; (3) the DLA[3]; (4) the Defense Distribution Center (DDC)[4]; (5) the DDWG[5]; (6) Colonel Joseph Udemi; and (7) Donna P. Fielder. Defendants

---

[2] Jacox fails to engage Defendants' legal arguments in any meaningful manner. Instead, she makes a number of confusing, conclusory assertions, such as "Counsel for defendant, who have a well documented long time history, policy, and practice of violating law and policy. [sic] Now waves a flag that on it [sic] face seems to be bloody, but on a close viewing there is no blood on it, it is only an illusion that defendants have perfected from many years of practice." (Doc. 19 at 1-2.)

[3] The DLA is a DoD defense agency which provides worldwide logistics support, primarily to the United States Armed Forces.

[4] The DDC is the DLA's lead center for distribution.

[5] The DDWG is one of the twenty-six satellite distribution centers around the world operated by the DLA.

argue that the head of the Department of Defense is the only proper Defendant, pursuant to the text of Title VII and clear Supreme Court precedent. The Court agrees. Therefore, with respect to Jacox's Title VII claims, the only proper Defendant is Robert M. Gates ("Gates"), in his official capacity as the current Secretary of Defense.[6] In summary, with the exception of Jacox's claims for employment discrimination under Title VII against Gates, all of Jacox's other claims in her Complaint are dismissed.

## IV. CONCLUSION

Jacox's Motion to Compel (Doc. 16) is denied. Defendants' Motion to Dismiss (Doc. 18) is granted. All of Jacox's claims and Defendants are dismissed except her Title VII claims against Gates, in his official capacity as Secretary of Defense. As noted above, Gates is substituted for Rumsfeld, the former Secretary of Defense. Future proceedings shall be conducted in Gates' name.

**SO ORDERED**, this the 10th day of May, 2007.

*s/ Hugh Lawson*
**HUGH LAWSON, JUDGE**

pdl

---

[6] Pursuant to Federal Rule of Civil Procedure 25(d)(1), Gates is automatically substituted for Rumsfeld.