# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF GEORGIA
# MACON DIVISION

| | |
|---|---|
| **CORRINE JACOX** : | |
| : | |
| **Plaintiff,** : | |
| : | |
| v. : | Civil Action No. |
| : | 5:06-CV-182-HL |
| **THE DEPARTMENT OF DEFENSE,** : | |
| **et al.,** : | |
| : | |
| **Defendants.** : | |
| : | |

# ORDER

Before the Court is Plaintiff's Motion for Court Appointed Counsel and to Direct Defendant to Reassign Plaintiff to Another Department or Agency Until this Case is Decided (Doc. 31). Though unclear from Plaintiff's Motion, it appears that Plaintiff has requested that the Court appoint her husband as her attorney. Her husband, however, is not an attorney, and therefore, the Court cannot appoint him as her attorney. To the extent that Plaintiff has requested that the Court appoint someone other than her husband as counsel, that request is also denied. Civil litigants do not have an absolute constitutional right to the appointment of counsel. Poole v. Lambert, 819 F.2d 1025, 1028 (11th Cir. 1987). Instead, the appointment of counsel in a civil case is "a privilege that is justified only by exceptional circumstances, such as where the facts and legal issues are so novel or complex as to require the assistance of a trained practitioner." Id. Here, there are not any exceptional circumstances that could possibly justify the appointment of counsel for Plaintiff. Plaintiff

has simply requested counsel because she does not have any legal training, and she must work a full-time job. If Plaintiff's situation constituted an exceptional circumstance, nearly all pro se litigants could assert the existence of exceptional circumstances that warrant the appointment of counsel. Plaintiff's claim is a typical Title VII claim for failure to promote. This case does not involve novel or complex issues, and the fact that Plaintiff is not law trained is not a sufficient reason to appoint counsel.

In addition, Plaintiff has requested that the Court direct the Department of Defense to reassign Plaintiff to another department or agency until this case is resolved. The exact basis for this request is unclear. It appears that Plaintiff is requesting a job transfer because of stress caused by Defendant, but Plaintiff does not say when or how Defendant allegedly caused her "stress." Further, Plaintiff has not cited any legal authority in support of this request. Construing Plaintiff's pro se motion broadly, this Court finds that Plaintiff has requested a mandatory preliminary injunction.

The grant or denial of a preliminary injunction is a matter within the discretion of the district court. U.S. v. Jefferson County, 720 F.2d 1511, 1519 (11th Cir. 1983). "That discretion is guided by four prerequisites: the movant must show (1) a substantial likelihood that he will ultimately prevail on the merits; (2) that he will suffer irreparable injury unless the injunction issues; (3) that the threatened injury to the movant outweighs whatever damage the proposed injunction may cause the opposing party; and (4) that the injunction, if issued, would not be adverse to the public interest." Id. Here, Plaintiff, most notably, has failed to demonstrate a substantial likelihood that she will ultimately prevail on the merits. As a result, this Court finds that a preliminary injunction is inappropriate in this case, and

therefore, Plaintiff's request to be reassigned to another department or agency is denied.

For the foregoing reasons, Plaintiff's Motion to Appoint Counsel and to Direct Defendant to Reassign Plaintiff to Another Department or Agency Until this Case is Decided is denied.

**SO ORDERED**, this the 6th day of November, 2007.

                                           */s/ Hugh Lawson*
                                           **HUGH LAWSON, Judge**

dhc